IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUAN VICTOR VALLES | : | |
| Petitioner | : | CIVIL NO. 3:CV-12-978 |
| v. | : | |
| | : | (Judge Conaboy) **FILED SCRANTON** |
| WARDEN JEFFREY THOMPSON, | : | |
| | : | JUN 1 9 2012 |
| Respondent | : | |

PER _____
DEPUTY CLERK

**MEMORANDUM**
**Background**

This <u>pro se</u> petition for writ of habeas corpus pursuant to 28
U.S.C. § 2241 was filed on behalf of Juan Victor Valles, an inmate
presently confined at the United States Penitentiary, Lewisburg,
Pennsylvania (USP-Lewisburg).[1]  Petitioner has also filed a request
for leave to proceed <u>in forma pauperis</u>. <u>See</u> Doc. 2.  Named as

---

[1]  The Petition is signed by USP-Lewisburg inmate Jose
Cristobal Cardona.  28 U.S.C. § 2242 permits the filing of a habeas
corpus petition by someone acting on behalf of the petitioner.
While Inmate Cardona may sign the § 2241 petition on behalf of
Valles, the remaining question is whether Cardona, as a <u>pro se</u>
litigant, can adequately represent Valles' interests.  It is well
settled that a party may represent his or her own interests in
federal court.  <u>See</u> <u>Winkelman v. Parma City School District</u>, 127
S.Ct. 1994, 1999 (2007).  However, there is an equally well
established common law rule that non-attorneys cannot litigate the
rights of others.  <u>Collinsgru v. Palmyra Board Of Education</u>, 161
F.3d 225, 232 (3d Cir. 1998).  It appears that Cardona is precluded
from <u>pro se</u> representation and litigation of Valles' interests in
federal court.

Respondent is USP-Lewisburg Warden Jeffrey Thompson.  For the reasons outlined below, Petitioner will be granted leave to proceed in forma pauperis for the sole purpose of the filing of this matter, however, his petition will be denied without prejudice to any right Valles may have to reassert his present claims in a properly filed civil rights complaint.

It is alleged that Valles is being "illegally restrained in his liberty."  Doc. 1, ¶ I.  However, Petitioner does not challenge the legality of his federal criminal conviction or the resulting sentence. Rather, he seeks federal habeas corpus relief with respect to his "placement in the USP-lewisburg "Special Management Unit (SMU)."  Id. at ¶ II.  The petition generally contends that due to his refusal to participate in the reconditioning aspect of his SMU program, Valles faces a "potential stripping of his good time credits."  Id. at ¶ III.

### Discussion

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977).  See Patton v. Fenton, 491 F. Supp. 156, 158-159 (M.D. Pa. 1979).  The Rules Governing Section 2254 Cases in the United States District Courts are applicable to § 2241 petitions under Rule 1(b) of the Section 2254 Rules.); Mutope v. Pennsylvania Board of Probation and Parole, Civil No. 3:CV-07-472, 2007 WL 846559, at *2 (M.D. Pa. Mar. 19,

2007)(Kosik, J.).

Rule 4 states in relevant part that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134,141 (6th Cir. 1970).

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). Review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). In Suggs v. Bureau of Prisons, 2008 WL 2966740 *4 (D. N.J. July 31, 2008), it was reiterated that in cases where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable." Recognizing the observation in Woodall that the precise meaning of execution of sentence is hazy, it has been similarly held that to "the extent that a prisoner challenges his conditions of confinement, such claims must be raised by way of a civil rights action." Hairston

3

v. Grondolsky, 2008 WL 618805, *2 (D.N.J. March 3, 2008).

From a careful review of the petition, it is clear that
Valles does not claim entitlement to speedier or immediate release
from custody nor does he challenge the legality of his present
incarceration. Rather, the petition vaguely contends that Valles
is being forced to participate in an unidentified SMU program.
Moreover, if Petitioner refuses to participate in said program he
purportedly faces a **potential** loss of good time credit. It is
specifically noted that there is no claim that Valles has been
subjected to any loss of good time credits as of the filing of this
action.

In McGee v. Martinez, 627 F.3d 933, 936 (3d Cir. 2010) the
Court of Appeals for the Third Circuit stated that the fact a
conditions of confinement claim filed by a prisoner "creates, as a
secondary effect, the possibility that the plaintiff will serve a
longer prison term then that to which he otherwise have been
subject" does not turn a civil rights claim into a habeas corpus
claim.[2] Rather, the threshold question to be determined is whether
a favorable determination of the claim "would 'necessarily imply' a
change to the fact, duration, or execution of the petitioner's
sentence." Id.

Based upon the factual sparseness of the pending matter, it
simply cannot be determined that the requested discharge of Valles

---

[2] Unlike McGee, there are no fact to support a conclusion
that the condition of confinement at issue has been imposed as a
means of enforcing a condition that is part of Valles' sentence.

4

from the unidentified SMU program would necessarily imply a change to the fact, duration or execution of his sentence. Consequently, there is no basis for a finding that the pending Petition is raising a claim related to the execution of his sentence as contemplated in Woodall and McGee.

The Petition clearly acknowledges that the purportedly improper actions taken by prison officials have not yet included a loss of good time credits or otherwise extended the length of Valles' confinement. Thus, the purported constitutional misconduct has not adversely affected the fact or duration of Petitioner's incarceration. See Wapnick v. True, Civil No. 4:CV-97-1829, slip op. (M.D. Pa. Dec. 17, 1997)(McClure, J.)(alleged improper placement in administrative confinement is not a basis for relief under § 2241). Accordingly, "habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

Consequently, the petition will be denied as meritless without prejudice to any right Valles may have to reassert his present claims in a properly filed civil rights complaint.[3] See David v. United States, Civ. A. No. 3:CV-99-0836, slip op. at 5 (June 17, 1999 M.D. Pa.) (Munley, J.); Wool v. York County Prison, Civ. A. No. 4:CV-98-0138, slip op. at 2-3 (M.D. Pa. January 30, 1998) (McClure, J.); and Hewlett v. Holland, Civ. A. No. 3:CV-96-

---

[3] In this regard, this Court expresses no opinion as to the merits, if any, of any civil rights claim Valles may file based upon the facts asserted herein.

1075, slip op. at 9 (July 2, 1997 M.D. Pa.) (Nealon, J.) ("Because the petitioner will not be allowed to elude the filing fee requirements of the PLRA [Prison Litigation Reform Act], his claims will be dismissed, without prejudice, as they are not habeas corpus claims, but rather claims relating to the conditions of his confinement that should more appropriately be brought under the Civil Rights Acts."). An appropriate Order will enter.[4]

RICHARD P. CONABOY
United States District Judge

DATED: JUNE 19, 2012

---

[4] If Petitioner can present facts showing that he is being required to participate in an SMU program and that his refusal to do so has actually adversely affected the duration or execution of his sentence at this point in time, he may file a motion for reconsideration withing fourteen (14) days of the date of this Memorandum and Order.